UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:12-CR-36 JD |
| | ) | |
| ROBERT L. TROUP | ) | |

**OPINION AND ORDER**

This matter is before the court on defendant Robert L. Troup's motion for judicial review of the detention order handed down by Magistrate Judge Nuechterlein on March 21, 2012. [DE 12; DE 13]. Troup is charged with four felonies, under 18 U.S.C. §§ 2251(a) and 2252(a)(4)(B), arising out of his alleged use of a "spy camera" from late December, 2010, to mid-January, 2011, to film students in various states of undress in the boys' locker room at the high school where he worked. Troup is up against substantial potential punishment; the first three counts of the Indictment carry a mandatory minimum sentence of fifteen years' imprisonment. *See* 18 U.S.C. 2251(e); [DE 1]. At the detention hearing, the government argued in favor of pretrial detention. The defense argued for release. Judge Nuechterlein ordered Troup detained, and on March 23, 2012, Troup requested this court's review. On April 4, 2012, the government responded, and on April 10, 2012, Troup replied. Having taken the motion under advisement for a de novo review, the court now **DENIES** the motion. Troup will remain in custody pending trial.

**DISCUSSION**

18 U.S.C. § 3145(b) permits a defendant to file a motion seeking review or revocation of a detention order when the defendant has been "ordered detained by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal

1

appellate court[.]" Section 3145(b) does not require that new evidence or information be available before a detention order can be reconsidered and revoked, *id.*, and "[t]he standard of review for the district court's review of a magistrate judge's detention . . . order . . . is de novo." *United States v. Cisneros*, 328 F.3d 610, 616 n. 1 (10th Cir. 2003). "When the district court acts on a motion to revoke or amend a magistrate's pretrial detention order, the district court acts de novo and must make an independent determination of the proper pretrial detention or conditions for release." *United States v. Rueben*, 974 F.2d 580, 585–86 (5th Cir. 1992); *see also United States v. Maull*, 773 F.2d 1479, 1481 (8th Cir. 1985); *United States v. Sallay*, 2011 WL 1344288 at *4 (N.D. Ind. April 8, 2011); *United States v. Stephens*, 2007 WL 2164248 at *3 (N.D. Ind. July 25, 2007); *United States v. Boxley*, 2007 WL 79176 at *1 (N.D. Ind. Jan. 8, 2007); *United States v. McManus*, 2006 WL 3833314 at *1 (N.D. Ind. Dec. 5, 2006). Nonetheless, a district court may review a magistrate's detention order without holding a new hearing. *United States v. Bergner*, 800 F.Supp. 659 (N.D. Ind. 1992) (citing *United States v. Gaviria*, 828 F.2d 667, 670 (11th Cir. 1987); *United States v. Phillips*, 732 F.Supp. 255, 259 (D.Mass. 1990)). "An evidentiary hearing is necessary only if the party requesting the hearing raises a significant disputed factual issue." *United States v. Sophie*, 900 F.2d 1064, 1070 (7th Cir.1990). Neither party has requested a hearing, and there are no significant factual disputes which the court would require a hearing to resolve. Accordingly, the court takes a fresh look at the issue of detention without holding a new hearing, but with reference to the evidence presented at the one held before the Magistrate Judge.

The Bail Reform Act ("BRA") limits the circumstances under which a district court may order pretrial detention. *See United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988). "When a motion for pretrial detention is made, the court engages in a two-step analysis: first, the judicial

2

officer determines whether one of ten conditions exists for considering a defendant for pretrial detention; second, after a hearing, the judicial officer determines whether the standard for pretrial detention is met." *United States v. Thomas*, 2011 WL 5386773 at *3 (S.D. Ind. Nov. 7, 2011) (citing *Friedman*, 837 F.2d at 49). There is no doubt that one of the ten threshold conditions for considering pretrial detention is met in this case. Troup is alleged to have committed a crime with not just one, but *forty-two*, minor victims, *see* 18 U.S.C. § 3142(f)(1)(E), and the government's proffer was sufficient to demonstrate the existence of that state of affairs by a preponderance of the evidence.[1] *See Thomas*, 2011 WL 5386773 at *3 (citing *Friedman*, 837 F.2d at 49; *United States v. DeBeir*, 16 F.Supp.2d 592, 595 (D.Md. 1998); *United States v. Carter*, 996 F.Supp. 260, 265 (W.D.N.Y. 1998)). The dispute, then, is over whether the standard for pretrial detention is met.

"Pretrial detention is allowed only after the court holds a hearing and finds that 'no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community.'" *Miller v. Hastings*, 87 Fed. Appx. 585, 586 (7th Cir. 2004) (citing 18 U.S.C. § 3142(e)). Detention may be based on a showing of either dangerousness or risk of flight; proof of both is not required. *United States v. Fortna*, 769 F.2d 243, 249 (5th Cir. 1985). The Government bears the burden of proving that the defendant is either a flight risk or a danger to the community. *United States v. Daniels*, 772 F.2d 382, 383 (7th Cir.1985). With respect to reasonably assuring the safety of any other person and the community, the United States bears the burden of proving its allegations by clear and convincing evidence. 18 U.S.C. § 3142(f); *United States v. Salerno*, 481 U.S. 739 (1987). Clear and convincing evidence is something more than a preponderance of the evidence but less than proof beyond a reasonable doubt. *Addington v.*

---

[1] The hearing transcript covers the government's proffer at DE 16 at 4-20.

*Texas*, 441 U.S. 418, 431-33 (1979). With respect to reasonably assuring the appearance of the defendant, the United States bears the burden of proof by a preponderance of the evidence. *United States v. Portes*, 786 F.2d 758, 765 (7th Cir. 1985); *United States v. Liebowitz*, 652 F.Supp. 591, 596 (N.D. Ind. 1987).

Furthermore, in this case, congress has placed a statutory finger on the scale, weighing against the defendant. Pursuant to 18 U.S.C. § 3142(e)(3)(E), "Subject to rebuttal by the [defendant], it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the [defendant] as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the [defendant] committed an offense involving a minor victim under section . . . 2251[.]" "Probable cause is not proof beyond a reasonable doubt, or even proof by a preponderance of the evidence." *Braun v. Baldwin*, 346 F,3d 761, 766 (7th Cir. 2003). At the detention hearing before the Magistrate Judge, the government proffered sufficient evidence for this court to conclude that there is probable cause to believe the defendant committed the acts charged in Counts 1, 2 and 3 of the Indictment, each a violation of 18 U.S.C. § 2251(a). As such, the § 3142(e)(3)(E) presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant or the safety of the community applies.

In the early days after the BRA was enacted, some confusion existed as to what quantum of evidence the defendant had to present in order to "rebut" a § 3142(e) presumption. But that confusion has long since been cleared up. In both *United States v. Diaz*, 777 F.2d 1236 (7th Cir.1985), and *United States v. Dominguez*, 783 F.2d 702 (7th Cir. 1986), the Seventh Circuit embraced the interpretation first offered by Judge (now Justice) Breyer of the First Circuit in *United*

4

*States v. Jessup*, 757 F.2d 378 (1st Cir.1985).[2] As the Seventh Circuit explained:

> In *Jessup*, 757 F.2d at 381–84, the court correctly identifies the presumptions in § 3142(e) as being of the so-called "middle ground" variety; that is, they do not disappear when rebutted, like a "bursting bubble" presumption, nor do they actually shift the burden of persuasion to the defendant. They are "rebutted" when the defendant meets a "burden of production" by coming forward with some evidence that he will not flee or endanger the community if released. Once this burden of production is met, the presumption is "rebutted" in the sense that word was used in *Jessup*. Use of that word in this context is somewhat misleading because the rebutted presumption is not erased. Instead it remains in the case as an evidentiary finding militating against release, to be weighed along with other evidence relevant to factors listed in § 3142(g).[3] *Jessup*, 757 F.2d at 384. The burden of persuasion remains with the government once the burden of production is met. *Id*. at 381–82.

*Dominguez*, 783 F.2d at 707. In other words, as long as a defendant can produce some evidence which, if believed, would logically refute the assertion that he will flee or pose a danger to the community, he has defeated the "presumption" in favor of detention. At least, he has defeated it to

---

[2] *Jessup* has been abrogated in its own circuit on other grounds, particularly with respect to it's holding on the appellate standard of review over a district court's detention decision. *See United States v. O'Brien*, 895 F.2d 810 (1st Cir. 1990). But that has no impact on the portion of *Jessup*'s analysis relevant to the case before the court today.

[3] The 18 U.S.C. § 3142(g) factors include:

(1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including –

    (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

    (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

the extent that it ceases to be dispositive and becomes just one more factor in the court's analysis. *See Diaz*, 777 F.2d at 1238 (explaining that even when it is rebutted, "[t]he presumption reflects a congressional judgment, to which we are obligated to give weight, that persons facing heavy sentences for particular types of offenses are likely to jump bail"). That said, "a defendant's desire to be released from incarceration and his or her promise not to flee the jurisdiction is woefully insufficient to rebut the presumption that persons facing very serious charges should remain detained until those charges are resolved." *Stephens*, 2007 WL 2164248 at *6. "If that were the case, then pretrial detention would be virtually nonexistent, since every criminal defendant would present the court with an identical plea for release." *Id*.

Troup's attempts to rebut the presumption that no condition or combination of conditions will reasonably assure his appearance are, in some ways, strikingly similar to those the court found "woefully insufficient" in *Stephens*. In that case, the defendant argued that he had roots in the community, including seven biological children between the ages of 2 and 11, for whom he was primarily responsible. He offered to submit to any conditions the court might deem proper, and argued that he had "no reason" to leave the jurisdiction. *Id*. at *3. In the case before the court, Troup has argued that he is a long-term resident of the community, holding equity in two homes; that he will submit to any conditions of release (including forfeiture of his passport); and that he had a good appearance record in the state court proceedings dismissed in lieu of the filing of the federal charges now under prosecution. [DE 14 at 3-5]. But Troup also points out the fact that he obtained employment about a month ago and that his employer is aware of these charges and would keep him on if he was released from pretrial custody, as well as the fact that he successfully completed a term of supervision in his only previous brush with the law. [DE 14 at 3-4].

6

In the end, the court need not decide whether Troup's arguments – which strike the court as at least marginally stronger than those made by the defendant in *Stephens* – are sufficient to rebut the presumption created by § 3142(e)(3)(E). Even if they are, thus relegating the presumption to its "rebutted" role as one factor among others, the court would still find by a preponderance of the evidence that Troup poses a flight risk. The personal qualities Troup is touting – consistent employment history, roots in the area, a history of making court dates – were exhibited *before* he was facing a mandatory minimum fifteen year sentence of imprisonment as a fifty-three year-old man. It is no surprise that Troup has no history of evading court dates or appearances; he has almost no experience with them. But that is no guarantee of how he will behave under these new-to-him circumstances. Considering the statutory factors, the court observes that the crimes with which Troup is charged are very serious ones, with lengthy prison sentences, and were allegedly committed against multiple minor victims. *See* 18 U.S.C. § 3142(g)(1). Furthermore, based on the government's proffer at the detention hearing, the case against Troup, while largely circumstantial, appears to be a strong one. *See* § 3142(g)(2). All of this is colored by the fact that congress has made a considered judgment that defendants faced with crimes like Troup's are more likely to jump bail than others. *See Diaz*, 777 F.2d at 1238. This court finds by a preponderance of the evidence that pretrial detention is necessary in this case to assure the appearance of the defendant at future court proceedings. Since detention may be based on a showing of either dangerousness or risk of flight, *Fortna*, 769 F.2d at 249, this alone is reason enough to deny Troup's motion.

Even if that were not enough, the court would deny Troup's motion because he has completely failed to rebut the presumption that no condition or combination of conditions would ensure the safety of the community were he to be released. *See* § 3142(e)(3)(E). True, Troup does

7

nominally argue that he is not a danger to the community. But the only proof he offers is that he is not accused of committing any crimes against a person, nor any criminal conduct at all since the acts charged in the Indictment, which concluded in January of 2011. That is not enough. The government has charged Troup with four felony counts related to his alleged high school locker room video-voyeurism, which is supposed to have victimized forty-two identifiable minors over the span of a month. The government has substantiated the charges to the level required at this stage of a criminal proceeding, and congress has mandated (quite reasonably) that, provided that probable cause is demonstrated, those who victimize minors are presumed to pose a danger to the community. *See* § 3142(e)(3)(E). The court recognizes that Troup need only meet a burden of production, not persuasion, to rebut that presumption. But surely Troup's "Well, that's the *only* time the government alleges that I victimized forty-two minors in their high school over the span of a month!" argument is insufficient to rebut the presumption that he poses a danger to the community based on the nature of his crime itself. If the court were to allow that sort of argument to carry the day, the presumption would be a toothless one, indeed. Troup's motion for judicial review of the Magistrate Judge's detention order must be **DENIED**. He will remain in custody pending trial.

SO ORDERED.

ENTERED:   April 16, 2012

/s/ JON E. DEGUILIO
Judge
United States District Court